**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**DOCKET NO. 5:11CR24-RLV-DSC**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **COURTNEY COWAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

**THIS MATTER** is before the Court upon the "Request for Hearing as to Status of Counsel," Doc.15, filed October 20, 2011 by appointed counsel Reggie McKnight. The Court conducted a hearing on the Motion on October 27, 2011.

McKnight was appointed to represent Defendant on August 18, 2011 after Magistrate Judge David C. Keesler allowed Rahwa Gebre-Egziabher to withdraw as defense counsel. At the hearing, McKnight explained that Defendant refuses to sign the open file discovery agreement. Defendant contends that he will not enter into a "contract" with the Government. Consequently, McKnight has been hampered in obtaining discovery and reviewing it with Defendant. Defendant told McKnight that he does not want his services or the services of any attorney. Defendant told the Court that he does not want assistance of counsel because appointed attorneys are "government attorneys" and "paid by the government." The Court advised him that appointed counsel is not a "government attorney" and would have a duty of loyalty to him. The Court advised Defendant of his right to counsel and his right to represent himself. Defendant reiterated his desire to waive counsel.

The United States Supreme Court held in Faretta v. California, 422 U.S. 806, 819 (1975), that the Sixth Amendment implicitly provides a criminal defendant an affirmative right to self-representation. To be effective, "[a]n assertion of the right of self representation must be (1) clear

and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000) (internal citations omitted).

At the hearing, the Court posed several questions to Defendant to determine if his request to represent himself was made knowingly, intelligently and voluntarily. The Court advised Defendant regarding the penalties for possession of firearm by felon and possible enhancement to armed career criminal status. Trial is set for November 7, 2011 and the Government expects the case to be tried that week. The Court explained that the District Judge and the Government cannot give Defendant legal advice or assistance at trial and that he must follow the same rules of evidence and procedure as an attorney practicing before this Court. He will be solely responsible for examining witnesses and presenting evidence. The Court explained the sentencing process if Defendant were convicted, including the sentencing guidelines and pre-sentence report and advised him that he would be handling this on his own. The Government advised that they will call three experts regarding DNA, fingerprints, and the interstate nexus of the firearm. The Court advised Defendant that scientific and technical evidence would be presented and he would have to comprehend and confront this on his own. Defendant indicated that he understood all of the above.

As a result of the Court's colloquy, the Court finds that Defendant was not under the influence of alcohol or drugs, that he has completed eighth grade with work towards a GED, that he understands his right to counsel and his right to self-representation, that he understands the consequences of self-representation, and that he understands the charge against him as well as the maximum and potential mandatory minimum penalties and fines.

During the hearing, Defendant raised some issues regarding contract and UCC law. The Court advised that these areas of the law are irrelevant to his case.

Defendant's answers to the Court's questions and his statements during the hearing indicate that Defendant has made a knowing, intelligent and voluntary decision to represent himself and waive his right to counsel. The Court also finds that Defendant understands the consequences of representing himself. Therefore, for the foregoing reasons, the Defendant's oral Motion to Represent Himself is **GRANTED** and McKnight's oral Motion to Withdraw is **GRANTED**.

At the Government's request, the Court addressed whether or not to appoint standby counsel. The Court explained the role of standby counsel to Defendant. Defendant adamantly stated that he did not want standby counsel appointed. The Fourth Circuit has held that "[a]lthough a court may, in its discretion, allow attorney participation [as standby counsel], the Constitution does not mandate it." <u>U.S. v. Stewart</u>, 129 F. App'x 758, 765 (4th Cir. 2005)(quoting <u>U.S. v. Singleton</u>, 107 F.3d 1091, 1097 n.2, 1100 (4th Cir. 1997)). The Court finds that Defendant's answers were clear and unequivocal with regard to his self representation and that he would not avail himself of the services of standby counsel. Therefore, the Court declines to appoint standby counsel.

The Clerk is directed to send copies of this Order to counsel for the parties; <u>and to the Honorable Richard L. Voorhees</u>.

**SO ORDERED.**

Signed: October 28, 2011

David S. Cayer
United States Magistrate Judge