IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-CR-00024-RLV-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| COURTNEY DIONE COWAN, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant Cowan's pro se Motion for Transfer to Federal Facility. (Doc. 43.) Therein, Defendant, presently detained at the Caldwell County Detention Center following his trial and conviction by jury, requests that he be transferred to a federal facility where he may readily access a law library in preparation of his sentencing.

As the Government notes in response, while Defendant does have a right of access to the courts, this right does not mandate use of a law library for post-conviction motions when other adequate outside legal assistance has been made available, in this case, court-appointed counsel, which Defendant refused. (Doc. 45 at 2) (citing *United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978)). Having offered Defendant the assistance of counsel, even if such assistance was ultimately declined, the United States has satisfied its obligation under the Sixth Amendment. *Chatman*, 584 F.2d at 1360. "The option rests with the government[,] which has the obligation to provide assistance[,] as to the form which that assistance will take." *Id.*

Nonetheless, the Government proposes that standby counsel be appointed for the purpose of providing Defendant with legal materials. In light of Defendant's past insistence against such an arrangement, the Court will decline to appoint standby counsel at this time. However, the

Court will appoint standby counsel for the purpose of aiding with legal research upon Defendant's motion or request.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Transfer to Federal Facility (Doc. 43) be **DENIED**.

Signed: May 17, 2012

Richard L. Voorhees
United States District Judge