**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:16-cv-00103-FDW**
**(5:11-cr-00024-FDW-1)**

| | |
|---|---|
| COURTNEY DIONE COWAN, | ) |
| | ) |
|      **Petitioner,** | ) |
| | ) |
| **v.** | )         **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|      **Respondent.** | ) |
| | ) |

**THIS MATTER** is before the Court upon the Government's Motion to Dismiss (Doc. No. 5) Petitioner Courtney Dione Cowan's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1).

## I.    BACKGROUND

On November 10, 2011, Cowan was found guilty by a federal jury of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Verdict, Doc. No. 33. [1] The probation office prepared a presentence report ("PSR"), recommending Cowan's base offense level be enhanced under United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(2), based on his two North Carolina convictions for common law robbery. PSR ¶15, Doc. No. 57.

Based on the § 2K2.1 enhancement, Cowan faced a Guidelines range of 77 to 96 months imprisonment. PSR ¶59. On July 9, 2012, this Court imposed a sentence of 85 months' imprisonment. J., Doc. No. 60. Judgment was entered on July 11, 2012, see id., and affirmed on direct appeal, United States v. Cowan, No. 12-4535 (4th Cir. June 11, 2013), Appellate Doc. No.

---

[1] Unless otherwise indicated, docket citations within parentheses are from the instant civil case, and docket citations without parentheses are from the underlying criminal proceeding.

71.

On June 15, 2016, appointed counsel filed the instant Motion to Vacate on Cowan's

behalf.  (Doc. No. 1.)  In his Motion to Vacate, Cowan challenges the Court's application of

U.S.S.G. § 2K2.1(a)(4)(A) in determining his advisory guideline range.  He contends that

common-law robbery in North Carolina does not qualify as a "crime of violence" under the

federal sentencing guidelines in the light of the Supreme Court's decision in Johnson v. United

States, 135 S. Ct. 2551 (2015).  The Court stayed this action on October 7, 2016, pending the

United States Supreme Court's resolution of Beckles v. United States.  (Doc. No. 4.)

Beckles has been decided, and the Government has filed a Motion to Dismiss the instant

§ 2255 action based on Beckles's holding that Johnson does not apply to the Sentencing

Guidelines, see 137 S. Ct. 886, 890 (2017).  (Doc. No. 5.)  Thereafter, Cowan's counsel moved to

withdraw from representation.  (Doc. No. 6.)

For reasons that are not clear, counsel's motion to withdraw was docketed in this § 2255

action and in Cowan's closed criminal case, Doc. No. 85.  The Court acted first on the motion

docketed in the closed criminal case, granting it by text-only order on May 11, 2017.  That

mooted this Court's subsequent written Order in the instant habeas action, denying counsel's

motion to withdraw without prejudice (Doc. No. 7).

Because Cowan is no longer represented by counsel, the Court issued him notice pursuant

to the principles articulated in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of his right to

respond to the Government's Motion to Dismiss.  (Doc. No. 8.)  The Court also informed Cowan

he could file a notice of voluntary dismissal instead.  The Court entered the Order on May 17,

2018, provided Cowan 30 days to file a response or notice of voluntary dismissal, and warned

him that failure to take either action could result in dismissal of his Motion to Vacate without

further notice.  (<u>Roseboro</u> Notice 2, Doc. No. 8.)  As of today, Cowan has filed neither a

response to the Government's Motion to Dismiss nor a notice of voluntary dismissal.

## II.  STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of an

action based upon a "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P.

12(b)(6).  To state a viable claim for relief under § 2255, a petitioner must prove that:  (1) the

sentence imposed "violat[ed] . . . the Constitution or laws of the United States;" (2) "the court

was without jurisdiction to impose such a sentence;" or (3) "the sentence was in excess of the

maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

After examining the record in this matter, the Court finds this action can be resolved based on the

record and governing case law.  See <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

In <u>Johnson</u>, the Supreme Court struck down the residual clause of the Armed Career

Criminal Act's ("ACCA") definition of "violent felony," 18 U.S.C. § 924(e)(2)(B), as

unconstitutionally vague.  135 S. Ct. at 2563.  Consequently, a defendant who was sentenced to a

mandatory minimum term under the ACCA based on a prior conviction that satisfies only the

residual clause is entitled to relief from his sentence.  See <u>United States v. Newbold</u>, 791 F.3d

455, 460 (4th Cir. 2015) (holding that the improper imposition of an ACCA-enhanced sentence

is an error that is cognizable in a motion to vacate filed under 28 U.S.C. § 2255).

Cowan contends that, in light of <u>Johnson</u>, he no longer qualifies for an enhanced sentence

under the United States Sentencing Guidelines.  (§ 2255 Mot. 2-4, Doc. No. 1.)  The holding in

<u>Johnson</u> does not extend to the Sentencing Guidelines, however.  See <u>Beckles</u>, 137 S. Ct. at 892.

In <u>Beckles</u>, the Supreme Court held that the advisory Guidelines are not subject to a vagueness

challenge under the Due Process Clause.  <u>Id.</u>  Thus, Cowan has failed to state a claim for relief under <u>Johnson</u>.  <u>See</u> Fed. R. Civ. P. 12(b)(6).

**IT IS, THEREFORE, ORDERED** that:

1.  The Government's Motion to Dismiss Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 5) is **GRANTED**;

2.  Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED** with prejudice; and

3.  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: October 11,

Frank D. Whitney
Chief United States District Judge